UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCIO CELLI,

                Plaintiff,

        -against-

JUDGE ENGELMAYER, ET AL.,

                Defendants.

22-CV-6535 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se*. On October 12, 2022, the Court dismissed this action because Plaintiff failed to pay the filing fees or file an application to proceed *in forma pauperis* and prisoner authorization. (ECF 5.) The Clerk of Court entered judgment on the same day. (ECF 6.) On June 19, 2025, Plaintiff filed a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure challenging the October 12, 2022 order of dismissal. (ECF 7.) After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

    Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Because Plaintiff filed the motion more than two-and-a-half years after the judgment was entered, the Court denies the motion under Fed. R. Civ. P. 60(b)(1)-(3) as untimely. The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in Fed. R. Civ. P. 60(b)(4)-(5) apply. Therefore, the motion under these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff's motion, which consists of conclusory assertions, fails to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 7) is denied. The Clerk of Court is directed to terminate all motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 14, 2025
New York, New York

       /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge